# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| KENNETH B. HAGGINS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) CV416-308 |
| | ) |
| PRIDE INTEGRATED SERVICE, INC., | ) |
| | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Kenneth Haggins filed a 28 U.S.C. § 2241 habeas petition on November 15, 2016. Doc. 1. He was convicted of possession of less than an ounce of marijuana with intent to distribute in violation of O.C.G.A. § 16-13-30(j)(1), and sentenced to some (unspecified) length of time under the supervision of probation. *Id*. at 2. He originally sought to suppress the fruits of the search of his friend's vehicle (particularly the marijuana recovered during that search), but lost the motion, and filed no appeal. *Id*. at 1-2.

Invoking 28 U.S.C. § 2241, Haggins seeks relief from the onerous burdens of state probation service Pride Integrated Services, Inc.,[1]

---

[1] Federal courts have jurisdiction to entertain habeas corpus petitions "only from

objecting that his liberty has been "restrain[ed]" by his "unlawful conviction and sentence" and that he has been locked into an unconstitutional "contract" with the probation service. *Id.* at 1. He further seeks to unwind the criminal judgment entirely, arguing that the Superior Court "unlawfully denied [his] Motion to Suppress and that all hearings after such hearing are considered null and void." *Id.* at 4.

Federal habeas petitions, however, require that state remedies be exhausted. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.").

---

persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). The term is construed "very liberally," however, *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015), and is "not . . . restricted to situations in which the applicant is in actual, physical custody," *Jones v. Cunningham*, 371 U.S. 236, 239 (1963). "Instead, petitioners need only show that they are subject to a significant restraint on their liberty that is not shared by the general public." *Howard*, 776 F.3d at 775 (noting petitioners released on parole, on their own recognizance pending execution of a sentence, and on bail all qualify); *see also Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988) (the term "in custody" requires that the state exercise some control over the petitioner); *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003) ("Although the word 'custody' is elastic, all definitions of it incorporates some concept of ongoing control, restraint, or responsibility by the custodian."). Probation, a state-supervised good-behavior-contingent form of release, is a type of "custody" for § 2241 purposes. Reilly v. Dep't of Corr., 847 F. Supp. 951, 956 (M.D. Fla. 1994) ("probationary restraint is within the meaning of 'in custody.'").

2

And Haggins has admitted that he didn't bother exhausting his state-court remedies. Doc. 1 at 2 ("Petitioner has exhausted state remedies by allowing the 30 day period to file an appeal run it[s] course after his conviction. Therefore, a state remedy is not available.").[2] Therefore, his petition should be **DISMISSED WITHOUT PREJUDICE** so that he may exhaust available state remedies.[3]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the

---

[2] Petitioner relies on *Fay v. Noia*, 372 U.S. 391 (1963), to allow him to bypass state habeas relief entirely. But *Fay* only stood for the proposition that a *§ 2254* petitioner may -- *if* state habeas remedies are unavailable or would be a futile pursuit -- be excused from exhaustion. It has no effect here, under a *different* framework for habeas relief, particularly given that nothing in the petition indicates Haggins tried and failed to seek relief in the state courts, that such relief was in any way unavailable to him, or that seeking it would have been an exercise in futility. He whiffed on the deadline to appeal his sentence and he dropped the ball entirely to seek state habeas relief. He cannot now come to the federal courts to unwind that sentence.

[3] Even were Haggins to timely exhaust his state habeas remedies before seeking federal habeas relief, this Court's power to correct an alleged state court mistake regarding the application of the Fourth Amendment exclusionary rule is not assured. *See Stone v. Powell*, 428 U.S. 465, 493 (1976).

3

Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED** this __14th__ day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4